# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

| | |
|---|---|
| ESTATE OF DAVID L. IMEL, and SHARON IMEL, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CAUSE NO. 1:15-CV-69 ) |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is a Notice of Removal filed by Defendant The Prudential Insurance

Company of America, alleging that the Court has diversity jurisdiction pursuant to 28 U.S.C. §

1332. (Docket # 1.)  In the Notice of Removal, Defendant, a New Jersey corporation with its

principal place of business in New Jersey, recites: "Plaintiffs allege in the Complaint that they

reside in Wells County, Indiana.  Plaintiffs are, therefore, deemed to be citizens of the State of

Indiana." (Notice of Removal ¶¶ 6, 7 (citation omitted).)

But Defendant's jurisdictional allegations with respect to Plaintiffs are inadequate.  And

as the party seeking to invoke federal diversity jurisdiction, Defendant bears the burden of

demonstrating that the requirement of complete diversity has been met. *Chase v. Shop'n Save*

*Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).

As to Plaintiff Sharon Imel, residency is meaningless for purposes of diversity

jurisdiction; an individual's citizenship is determined by his or her domicile. *Dakuras v.*

*Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *see Heinen v. Northrop Grumman Corp.*, 671 F.3d

669, 670 (7th Cir. 2012) ("[R]esidence may or may not demonstrate citizenship, which depends

on domicile–that is to say, the state in which a person intends to live over the long run."); *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332). Therefore, Defendant must advise the Court of the domicile of Plaintiff Sharon Imel, which demonstrates citizenship.

With respect to Plaintiff Estate of David L. Imel, under 28 U.S.C. § 1332(c)(2), "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." *Gustafson v. zumBrunnen*, 546 F.3d 398, 400-01 (7th Cir. 2008) (noting that the federal diversity statute treats the legal representative of a decedent's estate as a citizen of the same state as the decedent); *accord Hunter v. Amin*, 583 F.3d 486, 491-92 (7th Cir. 2009). Therefore, Defendant must recite the domicile of the decedent at the time of his death, and in turn, the citizenship of the Estate.

Therefore, Defendant is ORDERED to file on or before April 2, 2015, an amended notice of removal that properly alleges the citizenship of Plaintiffs.

SO ORDERED.

Enter for this 19th day of March 2015.

s/ Susan Collins
Susan Collins,
United States Magistrate Judge