UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| THE ESTATE OF DAVID L. IMEL and SHARON IMEL, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) CAUSE NO. 1:15CV69<br>) |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | )<br>)<br>) |
| Defendant. | ) |

## OPINION AND ORDER

Before me is Defendant's Motion to Quash and Motion for Protective Order and the supplement thereto (DE's 33-34, 38-39). For the following reasons, the motion will be granted-in-part and denied-in-part. the Motion to Quash will be **GRANTED** and the Motion for Protective Order will be **DENIED** as moot in light of my finding, discussed below, that fact discovery in this matter is closed.

On April 14, 2016, I held a status hearing after discovery in this matter had closed. (DE 31.) During that hearing, counsel for both parties informed me that two expert depositions – a treating physician, Dr. Nussbaum, and a nurse practitioner, Ms. Selking – remained outstanding. (DE 33-1 at 7-8.) As I indicated to the parties, I was surprised to learn of these depositions considering that the purpose of this status hearing was to set the dispositive briefing schedule and trial date once discovery was *closed*, and since the discovery deadline had come and gone with no request from

counsel to extend it to either the magistrate judge or me, I thought it was closed. (DE 33-1 at 5.) Since the parties represented to me that only these two depositions remained, I told them, "Ordinarily, I would just kick this matter back to the magistrate and have her re-issue a brightline order, but I'm gonna dispense with that. What I'm gonna tell you is have these remaining two depositions done by the end of June." (DE 33-1 at 8-9.)

In the meantime, Plaintiff has issued two deposition notices to a fact witness at the defendant insurance company. She is not an expert witness and was not one of the remaining depositions disclosed to me. Plaintiff has not sought to reopen discovery. Defendant seeks to quash the notice on the basis that fact discovery – and, indeed, any discovery beyond the two depositions identified at the April 14 hearing – is closed and in any event, the notice failed to comply with the 14-day notice requirement in our local rules, among other defects. (*See* L.R. 30-1.) Plaintiff admits its first notice didn't comply with our local rules and states it has corrected the errors in the second notice. (DE 40.) But this misses the first point: discovery in this matter, with the exception of the Nussbaum and Selking depositions is closed. Plaintiff points to what it contends is an order I issued on April 14 saying that the "Court orders that the depositions must be completed by the end of June 2016." (DE 40 citing DE 31) What Plaintiff is actually quoting isn't an order at all, but is rather a docket entry summarizing what I ordered orally during the hearing. And my oral order was clear: discovery was closed other than the two remaining depositions identified to me by the parties.

In any event, lest there be any further confusion, let me be explicit: all discovery in this matter is **CLOSED** except the Nussbaum and Selking depositions which must be completed by June 30, 2016. The Motion to Quash is therefore **GRANTED** and the Motion for Protective Order will be **DENIED** simply because it is unnecessary in light of the fact that discovery is closed and therefore no further deposition notices other than for Nussbaum and Selking should be forthcoming.

**SO ORDERED**.

ENTERED: June 8, 2016

s/Philip P. Simon  
PHILIP P. SIMON, CHIEF JUDGE  
UNITED STATES DISTRICT COURT